**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

   v.

PETCO ANIMAL SUPPLIES, INC., a Delaware corporation,
PETCO ANIMAL SUPPLIES STORES, INC., a Delaware corporation,
PETCO whose true name is unknown, and DOES 1 – 5,

        Defendants.

**COMPLAINT AND JURY TRIAL DEMAND**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Nancy Buchner ("Ms. Buchner") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that PETCO ANIMAL SUPPLIES, INC., PETCO ANIMAL SUPPLIES STORES, INC., PETCO whose true name is unknown, and DOES 1 – 5 (collectively "Defendants" or "Petco") unlawfully discriminated against Ms. Buchner because of her disability, being deaf, by imposing upon her disparate terms and conditions of employment not imposed on other similarly situated employees and failing to provide effective reasonable accommodations for her disability. The

EEOC alleges that Ms. Buchner is substantially limited in one or more major life activities due to her deafness and Defendants were aware of Ms. Buchner's deafness.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court of the District of Colorado.

## PARTIES

3. Plaintiff United States Equal Employment Opportunity Commission is the agency of the United States charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Petco Animal Supplies, Inc., a Delaware Corporation, has continuously been doing business in the State of Colorado and the City of Aurora and has continuously had at least 15 employees.

5. At all relevant times, Defendant Petco Animal Supplies, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA,

2

42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Petco Animal Supplies, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Petco Animal Supplies Stores, Inc., a Delaware Corporation, has continuously been doing business in the State of Colorado and the City of Aurora and has continuously had at least 15 employees.

8. At all relevant times, Defendant Petco Animal Supplies Stores, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant Petco Animal Supplies Stores, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. Plaintiff is ignorant of the true names and capacities of Defendants sued as Petco and DOES 1 – 5, inclusive. Therefore, Plaintiff sues Defendants Petco and DOES 1 – 5, inclusive by such fictitious names. Plaintiff reserves the right to amend the complaint to name Petco and the DOE defendants individually or corporately as they become known. Plaintiff alleges that each of the defendants named as Petco and DOES 1 – 5 was in some manner responsible for the acts and omissions alleged in this Complaint and Plaintiff will amend the Complaint to allege such responsibility when the identity of the defendant is ascertained by Plaintiff.

11. All of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant, acting as a successor, alter ego, joint employer, integrated

3

enterprise, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each defendant participated in, approved and / or ratified the unlawful acts and omissions by other defendants as stated in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit Nancy Buchner filed a charge with the EEOC alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since about October 2001, Defendants have engaged in unlawful employment practices in Aurora, Colorado, in violation of § 102 of Title I of the ADA, 42 U.S.C. § 12112 by subjecting Ms. Buchner to disparate terms, conditions, and/or privileges of employment because of her disability, deafness, and by failing to provide her an effective reasonable accommodation for her disability, deafness. These unlawful employment practices included, but were not limited to the following:

    a. Defendants directed existing and potential clients away from Ms. Buchner and/or at times prevented clients from obtaining Ms. Buchner's services when clients specifically requested her services as a pet groomer despite Ms. Buchner's availability and/or the clients expressed specific willingness to schedule grooming services when Ms. Buchner was available.

    b. Defendants permitted and/or ratified the conduct of non-management employees who directed existing and potential clients away from Ms. Buchner and/or at times

prevented clients from obtaining Ms. Buchner's services when clients specifically requested her services as a pet groomer as a pet groomer despite Ms. Buchner's availability and/or the clients expressed specific willingness to schedule grooming services when Ms. Buchner was available.

    c.  Defendants failed to provide an effective reasonable accommodation after agreeing to exempt Ms. Buchner from answering the telephone because of her deafness but allowing and/or failing to prevent managers and employees from telling customers that Ms. Buchner was no longer employed at Defendants' store or that Ms. Buchner was otherwise unavailable despite Ms. Buchner's continued employment and availability.

    d.  Defendants failed to provide an effective reasonable accommodation by failing to provide an employee to answer telephone calls for the grooming department during Ms. Buchner's shifts and failing to respond to her complaints that she observed telephone calls being unanswered and customers being potentially lost in the absence of an employee to answer the telephone for Ms. Buchner despite Defendants stating that it had exempted Ms. Buchner from having to answer the telephone.

    e.  Defendants failed to provide Ms. Buchner an effective reasonable accommodation by failing to provide her a sign language interpreter.

    f.  Defendants failed to provide Ms. Bucher an effective reasonable accommodation by failing to engage in an interactive process to accommodate her disability and instead allowed the exemption from requiring Ms. Buchner to answer the telephone to be used as the vehicle to deprive her equal access to acquire customers and maintain existing customers.

    g.  Defendants' management and non-management employees alike openly stated their resentment against Ms. Buchner for being exempted from having to answer the telephone due to her deafness.

5

    h. Defendants' failure to accommodate Ms. Buchner deprived her of an equal opportunity to earn commissions.

  14. The effect of the practices complained of in paragraph 13 above has been to deprive Ms. Buchner of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability, deafness.

  15. The unlawful employment practices complained of in paragraph 13 above were intentional.

  16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Ms. Buchner.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in disability discrimination.

  B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and provide effective reasonable accommodations to such individuals, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendants to make whole Ms. Buchner, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay where appropriate, job search expenses and any

medical expenses not covered by the employer's employee benefit plan, in amounts to be determined at trial.

  D. Order Defendants to make whole Ms. Buchner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, including job search expenses, medical expenses not covered by Defendant Employer's employee benefits plan, attorneys' fees and costs, in amounts to be determined at trial.

  E. Order Defendants to make whole Ms. Buchner by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay Ms. Buchner punitive damages for its malicious and reckless conduct, as described in paragraphs 13 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the EEOC its costs of this action.

//

//

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated:  April 2, 2009                                                  Respectfully submitted,

US. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, DC  20507

JAMES S. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

ANNA Y. PARK
Regional Attorney
Los Angeles District Office


By:  <u>/s/  Anna Y. Park</u>
        Anna Y. Park, Regional Attorney
        US. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        255 East Temple Street, 4th Floor
        Los Angeles, CA  90012
        Telephone: (213) 894-1083
        Facsimile: (213) 894-1301
        Email:  <u>lado.legal@eeoc.gov</u>
        Attorney for Plaintiff

8