F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 1 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00747-WYD-CBS

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

NANCY BUCHNER,

Plaintiff-Intervenor,

vs.

PETCO ANIMAL SUPPLIES STORES, INC., a Delaware corporation,

Defendant.

---

## CONSENT DECREE

---

### I.

### INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or the "Commission"), Plaintiff-Intervenor Nancy Buchner ("Buchner"), and Defendant PETCO Animal Supplies Stores, Inc., ("PETCO ") hereby stipulate and agree to entry of this Consent Decree to resolve the plaintiffs' lawsuit, filed under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to address alleged unlawful employment practices on the basis of disability and to provide relief to Plaintiff-Intervenor Nancy Buchner who alleges she was adversely affected by such practices. Neither side admits the claims or defenses of the other side.

PETCO denies that it has engaged in any conduct in violation of the Americans with Disabilities Act and PETCO denies each of the allegations made by the EEOC and Buchner in

their Complaints and in Buchner's charge of discrimination. PETCO's execution of this Decree is not an admission of liability and the EEOC agrees not to tender or use this Consent Decree as evidence in any legal proceeding, including the determination of charges and/or the decision to issue a Commissioner's Charge, except a proceeding in which an issue in the proceeding is the enforcement of this Consent Decree.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.      The parties to this Consent Decree ("Decree") are the EEOC, Buchner, and PETCO.  This Decree shall be binding on and enforceable against PETCO and its officers, directors, agents, successors, and assigns.  The parties have entered into this Decree for the following purposes:

1.      To provide monetary and injunctive relief;

2.      To ensure that PETCO employment practices comport with federal law;

3.      To ensure that PETCO managers, supervisors and employees are given training on their obligations under the ADA with an emphasis on providing reasonable accommodation(s) to hearing impaired employees;

4.      To ensure that PETCO provides effective reasonable accommodation(s) to qualified individuals with a disability in order for these individuals to perform essential job functions and enjoy equal benefits and privileges of employment;

5.      To continue to ensure that no one is subject to retaliation for exercising rights under the ADA;

6.      To review and update PETCO's procedures for handling discrimination complaints and requests for reasonable accommodation in the workplace; and

7.      To avoid the time, expense, and uncertainty of further litigation.

B.      The geographic scope of this Decree is as follows.  Live training referenced in the Decree and the posting attached as Exhibit A and referenced in the Decree is limited to the store at which Ms. Buchner worked, currently identified as Store 2403 in Aurora, Colorado.[1]  The remaining scope of this Decree, including reporting and the responsibilities of the ADA Coordinator, is limited to Defendant's District 51 which is defined as the following stores: Store 489 in Boulder, Colorado; Store 920 in Northglenn, Colorado; Store 933 in Westminster, Colorado; Store 1411 in Broomfield, Colorado; Store 1412 in Grand Junction, Colorado; Store 1419 in Boulder, Colorado; Store 1420 in Cheyenne, Wyoming; Store 1437 in Greeley, Colorado; Store 1446 in Glenwood Springs, Colorado; Store 1452 in Longmont, Colorado; Store 1456 in Casper, Wyoming; Store 1471 in Aurora, Colorado; Store 1489 in Montrose, Colorado; Store 1493 in Rapid City, South Dakota; and Store 2403 in Aurora, Colorado.  While PETCO is unaware of any plans to realign or renumber the stores currently identified in District 51, such realignment or renumbering of these stores may occur during the life of the Decree for various business reasons.  The parties agree that the scope of the Decree is limited to these specific stores listed above.  If, during the life of the Decree any of these specific stores is renumbered or remodeled or becomes a part of another district during realignment, it shall remain part of District 51 for purposes of the scope of this Decree.  If a store listed as part of District 51 in this Decree is permanently closed (other than to be renumbered or to be reopened as a remodeled store), then the parties agree that an additional store is not to be substituted.  Finally, if new stores are added to District 51 during the life of the Decree but after the Effective Date, they shall not be considered part of District 51 for purposes of geographic scope.

C.      This Decree resolves all claims the EEOC has brought against PETCO arising out of the charge filed by Buchner as well as all claims brought by the EEOC in its Complaint and by Buchner in her Complaint-in-Intervention.

---

[1]  This store was originally known as Store 911.  This store's physical building was shut down and replaced by a new building now renumbered as Store 2403.

## III.

## RELEASE OF CLAIMS

A.      This Decree fully and completely resolves all issues, claims and allegations by the EEOC and Buchner against PETCO that have been raised in the complaints filed by the plaintiffs in the case of *EEOC and Nancy Buchner v. PETCO Animal Supplies Stores, Inc.,* Civil Action No. 09-cv-00747-WYD-CBS filed in the United States District Court for the District of Colorado.

B.      Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.      Nothing in this Decree shall be construed to limit or reduce PETCO's obligations to comply fully with the ADA or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against PETCO in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaints brought by EEOC and Plaintiff-Intervenor assert claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms to the Federal Rules of Civil Procedure and any other federal statute(s), and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. If the Court has not already done so, upon submission of the final report

referenced in Paragraph X., C and the expiration of a period of thirty (30) days after submission of said report, within which the Commission has not filed an objection thereto, the Commission and PETCO shall promptly file a Joint Stipulation for Dismissal with Prejudice of the EEOC's Second Amended Complaint upon which this Decree will automatically dissolve and this Civil Action shall be dismissed with prejudice.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      Prior to executing this Consent Decree, Buchner and PETCO executed a release of claims and attorneys' lien ("Buchner Release") and seven (7) days have passed from the date of execution of the Buchner Release without Ms. Buchner having revoked the Buchner Release. The Buchner Release was negotiated between Defendant and Buchner's private counsel. EEOC did not participate in these negotiations, did not approve the Buchner Release, is not a party to the Buchner Release, and did not advise Buchner regarding that release in any manner. Once this Consent Decree is fully executed, none of the promises contained herein are conditioned upon any term of the Buchner Release.

Once the Decree is executed by all of the Parties, EEOC shall file the Decree with the Court. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.    By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.    The parties expressly agree that if the EEOC has reason to believe that PETCO has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify PETCO and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes PETCO has breached.  Absent a showing by either party that the delay will cause irreparable harm, PETCO shall have thirty (30) days to attempt to resolve or cure the breach; however, the parties can agree to extend this period upon mutual consent.

B.    The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.      After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as PETCO is shown to be in breach of the Decree and any other relief the Court deems appropriate.

## VIII.

## MONETARY AND VICTIM SPECIFIC RELIEF

A.      Monetary Relief

In settlement of this lawsuit, PETCO shall pay a total of $145,000 in monetary relief to resolve this action, which shall be designated as non-wage compensatory damages and private attorneys' fees. Within ten (10) business days of the Effective Date, PETCO shall forward, via certified mail, checks to Dale Gaar, Esq., Buchner's counsel of record. No tax withholding shall be made as the EEOC and Intervenor Buchner have represented all of the monetary relief is classified as compensatory damages and private attorneys' fees and not subject to federal withholding for payment of wages. PETCO does not offer an opinion on this point but shall prepare and distribute 1099 tax reporting forms to Buchner and her private counsel and shall make appropriate reports to the Internal Revenue Service and other tax authorities, if necessary. If taxes are due on the above amounts, they shall be paid by Intervenor Buchner and her attorney; PETCO bears no responsibility for such taxes. Within three (3) business days of the issuance of the settlement check, PETCO shall submit a copy of the check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA. 90012.

B.      Victim Specific Relief

1.      As part of the resolution of this matter, PETCO agrees to purge Buchner's employment records of the documents identified in this litigation by Bates No.:8-11, 16-19, 20-23 which Plaintiffs have contended in this litigation are discriminatory. PETCO denies any such

claim and states that the purging of these records is not an admission that they were improper.

2.      If an inquiry is made into Buchner's employment history, the only information that shall be disclosed will be the dates of employment and the position she held.  Such inquiry must be directed to PETCO 's provider of employment verification services pursuant to its Verification of Employment policy.

## IX.

## GENERAL INJUNCTIVE RELIEF

A.    Non-Discrimination

PETCO, its officers, authorized agents, managers, supervisory employees, lead employees or team leaders, successors, assigns and all persons in active concert or participation with them are enjoined for the duration of the Decree from engaging in employment practices in violation of the ADA.  Such employment practices include (1) subjecting disabled individuals to disparate terms and conditions of employment; (2) a hostile work environment on the basis of disability; (3) denying reasonable accommodation(s); and (4) denying disabled individuals an equal opportunity to enjoy the benefits and privileges of employment through the failure to provide reasonable accommodation(s).

B.    Retaliation

PETCO, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of PETCO, or either of them, because he or she has in the past, or during the term of this Decree:

1.      Opposed any practice made unlawful under the ADA;

2.      Filed a charge of discrimination alleging such practice;

3.      Testified or participated in any manner in any investigation (including without

limitation, any internal investigation undertaken by PETCO), proceeding in connection with this case and/or relating to any claim of an ADA violation;

    4.     Been identified as a possible witness or claimant in this action;

    5.     Asserted any rights under this Decree; or

    6.     Sought and/or received any relief in accordance with this Decree.

C.    ADA Coordinator

Within ninety (90) days after the Effective Date, Defendant shall designate an individual within its corporate Human Resources Department, located in San Diego, California whose job duties will be revised to include, for the life of the Decree, those items listed in this section below. Said individual also may, and likely will, perform other functions within PETCO's corporate Human Resources Department. PETCO will send the ADA Coordinator to an outside disability training program of at least three (3) hours in length once each year for the life of the Decree. The ADA Coordinator's job responsibilities shall include the following:

    1.     Ensuring that PETCO has disseminated to employees of all stores in Defendant's District 51 a disability discrimination policy in accordance with Section IX.D. of this Decree and has received acknowledgement from each such employee that they have read the policy and understand it.

    2.     Assisting management personnel in stores in Defendant's District 51 with receiving, processing and investigating complaints of disability discrimination, including harassment on the basis of disability and complaints of retaliation (for making complaints regarding disability discrimination or harassment based on disability).

    3.     Assisting management personnel in stores in Defendant's District 51 in the receipt of requests for reasonable accommodation under the ADA from employees and engaging in an interactive process (along with management personnel) with such employees in exploring accommodations and resolving such requests.

4.      Assisting  management  personnel  in  stores  in  Defendant's  District  in communicating in writing with the employee regarding the status and resolution of the requests for reasonable accommodation and complaints of disability discrimination.

D.      Implementation Of Policies Concerning Disability Discrimination

Within sixty (60) days of the effective date, PETCO shall revise (if necessary) its current American with Disabilities Act policy so that the revised policy includes:

1.      A  clear  statement  explaining  that  discrimination  on  the  basis  of  disability, including harassment and retaliation will not be tolerated;

2.      A  clear  statement  that  employees  have  the  right  to  request  reasonable accommodations, and that if they are a qualified individual under the ADA, they may receive reasonable accommodation(s) in order to perform essential job functions and/or to enjoy equal benefits and privileges of employment;

3.      Assurance that if an employee requests reasonable accommodation or makes a complaint of disability discrimination, he/she will not be subjected to retaliation for making such requests/complaints;

4.      A  clearly  described  formal  procedure  for  making  requests  for  reasonable accommodation and making complaints of discrimination in a manner that is confidential (as that term is defined in the ADA); and

5.      A  procedure  for  communicating  with  the  employee/complainant  in  writing regarding the status of the request for accommodation/investigation, and any determination or remedial action taken.

E.      Training

1.      All PETCO  managers, supervisory employees, and hourly group lead employees assigned to Store 2403 and the ADA Coordinator described in IX., C. above, shall attend a live training program of at least two (2) hours in duration, within one hundred and twenty (120) days

of the Effective Date.

2.      At a minimum, this disability discrimination and retaliation training shall include instruction regarding:

a.      Responsibilities and requirements of the ADA including providing reasonable accommodation(s) for disabled individuals, including those who are hearing-impaired;

b.      A review of PETCO's revised disability discrimination and reasonable accommodation policies; and

c.      Handling requests for reasonable accommodation to ensure the performance of essential job functions and the enjoyment of equal benefits and privileges of employment.

3.      The parties have agreed that the training shall be conducted by Lynne Eisaguirre of Workplaces that Work.

4.      Any required employee who fails to attend such training shall receive training individually within thirty (30) days thereafter by video or DVD. All employees later hired or promoted to such a position in Store 2403 shall receive the same training (via video or DVD) within ninety (90) days of his/her hire or promotion for the term of this Decree.

5.      After the initial training as specified above is completed, all such employees as described in Paragraph IX.E.1 shall receive such training at least annually thereafter for the remainder of the term of this Decree.

6.      All such employees shall verify their attendance at such training in writing.

7.      If necessary, PETCO shall provide RID certified (Registry of Interpreters for the Deaf) ASL interpreters to assist hearing-impaired employees during this training.

8.      Within one hundred (100) days after the Effective Date, PETCO shall submit to the EEOC the training materials, a description of the training to be provided, and an outline of the curriculum developed for the trainees.

11

F.      Performance Evaluations

PETCO's general managers and assistant store managers at stores within District 51 as identified in Section II., B of this Decree shall be held accountable in their performance evaluations for compliance with PETCO's policies.

G.      Posting

Within ten (10) days of the effective date, and throughout the term of this Decree, PETCO shall also post a notice, attached as **Exhibit "A,"** in a place that is conspicuous and accessible to all employees at Store 2403 in a legible font (minimum of 15 points in size) .

## X.

## RECORD KEEPING AND REPORTING

A.      Document Preservation

For the duration of the Decree, PETCO agrees to maintain such records as are necessary to demonstrate their compliance with this Decree, including but not limited to the documents specifically identified below.

B.      Initial Reports

Within one-hundred and forty (140) days of the Effective Date of this Decree (as noted below), PETCO shall provide the EEOC with the following:

1.      The revised policies and procedures concerning disability discrimination, and handling complaints and requests for reasonable accommodation(s) as discussed in Section IX.D;

2.      Proposed disability discrimination training materials used for training sessions described in IX., E., 1, including the identities of the persons and/or organizations proposed to conduct the training; and

3.      Procedure for tracking complaints of disability discrimination, requests for reasonable accommodation(s) and the processes by which potential accommodations are considered and identified.

C.    Annual Reports

On an annual basis for the duration of the Decree, PETCO shall provide the EEOC with written reports. The closing period for the first report shall be six (6) months after the Initial Report identified above. The subsequent annual reports shall include the following:

1.    All complaints of disability discrimination and requests for accommodation from PETCO's District 51 tracked by the date, the identity of the person who handled the complaint, and resolution of the complaint/request;

2.    For PETCO's District 51, all considerations regarding reasonable accommodation, whether initiated by request of the employee or at the instigation of the employer, tracked by date that the need for accommodation first came to PETCO's attention, the identity of the person(s) who explored potential accommodations, all accommodations suggested by the employee, all accommodations considered by PETCO, reasons any potential accommodation was rejected, and accommodation adopted, if any, and the dates of each interaction set forth above;

3.    A summary of the training conducted by PETCO as described in Section IX., E., of this Decree.

4.    Change in designation of the ADA Coordinator, if any;

5.    All notes or documents created by store management and the ADA Coordinator in connection with all complaints of disability discrimination and requests for accommodations from PETCO's District 51. If PETCO asserts that the notes or documents created by store management and/or the ADA Coordinator directly reflect or quote legal advice, and are thus not subject to disclosure pursuant to privilege, PETCO may redact those portions of the notes or documents and produce the redacted versions, identifying the specific privilege being invoked. If EEOC disagrees that the information redacted is protected from disclosure pursuant to the privilege

13

specified, the EEOC may submit the dispute to the Court pursuant to the Dispute Resolution Process specified in Section VII;

6.      Documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

7.      A description detailing any changes of the procedures or record-keeping methods for centralized tracking of requests for reasonable accommodation(s), discrimination complaints and the monitoring of such complaints (within District 51) within thirty (30) days of implementation of such changes.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

PETCO shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, PETCO shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of PETCO's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, PETCO and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be

related to his/her job duties.

C.       Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D.       The parties agree to entry of this Decree and judgment subject to final approval by the Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: June 28, 2010

By: _____
Anna Y. Park
Attorneys for Plaintiff EEOC

16

Date: 6 - 15 - 10          By: _____

Dale Gaar, Esq.
Attorney for Plaintiff-Intervenor
Nancy Buchner

PETCO ANIMAL SUPPLIES, INC.

Date: _____     By: _____

Margaret Parnell Hogan
Attorney for Defendant PETCO ANIMAL
SUPPLIES INC.

## [PROPOSED] ORDER

**GOOD CAUSE APPEARING:**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.**

Date: _July 1, 2010_                _____
                                    United States District Court Judge



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

303 East 17th Avenue, Suite 410
Denver, CO 80203
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Denver Status Line: (866) 408-8075
Denver Direct Dial: (303) 866-1359
TTY (303) 866-1950
FAX (303) 866-1085

Exhibit A

### NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:                  ALL EMPLOYEES OF PETCO STORE 2403

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Colorado against PETCO, Case Number 09-cv-00747-WYD-CBS. The EEOC filed the lawsuit on behalf of a former employee who alleged that she was discriminated against on the basis of her disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). PETCO has denied all allegations. The parties have resolved the matter by entering into a "Consent Decree" with the EEOC and the former employee.

Pursuant to the Consent Decree, PETCO is placing its employees on notice that any violations of its EEO policy against discrimination and harassment will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All employees will undergo training to correct and prevent unlawful discrimination and harassment towards employees.

Federal law requires that there be no discrimination and/or harassment against any employee or applicant for employment because of that individual's disability, race, sex, color, religion, age (if over 40) or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.

PETCO is committed to complying with federal anti-discrimination laws in all respects. PETCO will not tolerate harassment or discrimination on the basis of disability, race, religion, color, sex, national origin or age against any employee or applicant for employment. PETCO also will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

If you believe that you have been discriminated against or harassed because of a disability or because of your sex, national origin, age, race, color, or religion, you may follow PETCO's internal procedure for addressing such discrimination and harassment and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th St., Suite 410
Denver CO., 80203
TELEPHONE NUMBER: (800) 669-4000; (303) 866-1359